UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JEFFREY STERLING,**

    **Plaintiff,**

v.                                               Case No.:

**GANNETT COMPANY, INC.,**
a Delaware corporation

    **Defendant.**

_____/

**COMPLAINT**

1. Plaintiff, JEFFREY STERLING ("Plaintiff"), an individual, brings the following actions against GANNETT COMPANY, INC., a Delaware corporation ("Defendant"), and in support of his claims, states as follows:

**JURISDICTIONAL ALLEGATIONS**

2. Plaintiff brings this action seeking remedies for his unlawful termination by Defendant in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Florida Civil Rights Act of 1992, § 760.01, et seq. ("FCRA").

3. This Court has federal question jurisdiction for the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1332, and supplementary jurisdiction for the FCRA claim pursuant to 28 U.S.C. § 1367.

4. Plaintiff was employed by Defendant in Palm Beach County, performed all of his job duties in Palm Beach County, and he resides in Palm Beach County, within the jurisdiction of this Court.

5. Defendant is a Delaware corporation that does business in Palm Beach County, Florida and employs individuals throughout Florida.

6. On April 19, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") that was dual filed with the Florida Commission on Human Relations ("FCHR").[1]

7. On April 30, 2024, Plaintiff received a "Dismissal and Notice of Rights" letter from the EEOC. *See Exhibit A attached*.

8. All conditions precedent have been satisfied or have been waived.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as a "Content Strategy Analyst" at a salary of approximately $90,000.00 per year.

10. Plaintiff was began working for Cox Enterprises in May 1997 at the Palm Beach Post, and during his tenure was promoted to "Director".

11. On or about August 2018, the Palm Beach Post was sold to Gatehouse Media, but Plaintiff continued working at the Palm Beach Post as a "Director".

---

[1] Plaintiff first contacted the EEOC on December 20, 2022 to initiate his charge, but he was unable to file the charge without speaking to an intake representative, and there was no availability for Plaintiff to speak to an intake representative until April 19, 2023.

12. In November 2019, Gatehouse Media bought Gannett, but changed its name to Gannett Company, Inc., and Plaintiff's job became "Content Strategy Analyst".

13. Plaintiff is a covered employee under both the ADA and the FCRA because he suffers from a degenerative vision disability that substantially limits his peripheral vision and prevents him from being able to drive, and Plaintiff requires regular assistance when he is in unfamiliar surroundings.

14. In the alternative, Defendant regarded Plaintiff as disabled.

15. Despite his vision disability, Plaintiff is able to perform the essential functions of his job without accommodation: he is a remote employee who works on his personal computer modified for his vision disability, and all of Plaintiff's co-workers and/or lateral colleagues worked remotely.

16. Defendant was aware of Plaintiff's disability.

17. On August 12, 2022, Plaintiff received a call from Defendant's HR Director who informed Plaintiff that he was being terminated on September 1, 2022, due to a "reduction in force", and she also sent an email that contained a letter confirming his termination due to a "reduction in force". *See Exhibit B attached.*

18. Defendant's letter failed to state the eligibility factors for Plaintiff's selection for the "reduction in force" as required by C.F.R § 1625.22(f)(4)(vii)(B), but during Plaintiff's call with Defendant's HR Director, she informed Plaintiff that he was NOT being terminated for performance reasons.

19. The following facts show that Plaintiff's selection for the alleged "reduction in force" was pretext for discriminatory motive:

    i.    There were nine (9) employees in Plaintiff's department with the title of "Content Strategy Analyst", but Plaintiff was the only one who received the letter and was the only one with a disability.

    ii.    On August 22, 2022, just ten (10) days after Defendant sent the "reduction in force" letter to Plaintiff, Defendant hired a new "Content Strategy Analyst" with the same essential job duties that Plaintiff performed.

    iii.    On September 14, 2023, the leader of Plaintiff's department, Tovah Olsen, VP of Strategy and News Analytics, posted on LinkedIn that she was hiring for Plaintiff's department and said:

> *"I'm hiring! Come work with an awesome group of journalists working to expand our audience and improve the experience for our subscribers."*

*See Exhibit C attached.*

    iv.    Tovah Olsen's LinkedIn post copied a separate LinkedIn post by Phil Schroder, VP Consumer Engagement and Revenue Growth for Defendant and his post stated:

> *"Two roles are currently open"*.

*See Exhibit C attached.*

    v.    In addition, during Plaintiff's termination notice period, there were several other open remote work positions for which Plaintiff was qualified, but not offered to Plaintiff in lieu of termination.

    vi.    No employee of Defendant ever reached out to Plaintiff during the notice period to inform him of any openings.

      vii.      Since the date that Defendant terminated Plaintiff, Defendant has continued to advertise multiple open positions for which Plaintiff would be qualified, in multiple departments, despite terminating Plaintiff due an alleged "reduction in force".

      viii.      A member of Defendant's HR team informed Plaintiff that he was NOT terminated for performance reasons and confirmed Defendant offered open positions to layoff candidates in the past.

      ix.      Plaintiff has 25 years of newspaper experience, and more relevant digital experience than most others in his department.

      x.      During his 25 years working for the Palm Beach Post and Defendant, Plaintiff performed his job duties competently, his employment reviews were positive, and he was never disciplined.

      xi.      Defendant fired Plaintiff during disability awareness month.

20.      Defendant was aware that Plaintiff had a disability:

      i.      In Fall 2017, Plaintiff was asked about the possibility of relocation, and he told his supervisor that he could not relocate due to vision disability because he needed to be close to family members who assisted him regularly, and he was not able to drive.

      ii.      In August 2018, Plaintiff met with the regional VP of HR to discuss his upcoming eye surgery to repair or slow the condition causing him to lose his sight. She stated she was already aware of Plaintiff's disability, but he had never spoken with her before.

      iii.    In January 2019, Plaintiff needed extended time off for his eye surgery, and the assistant to the same VP of HR assisted Plaintiff with his FMLA paperwork and a short-term disability claim.

21.    On October 3, 2022, Plaintiff wrote a letter to Defendant's human resource department requesting a meeting to discuss reassignment to a new position, but no one at Defendant responded in any way. *See Exhibit D attached*.

22.    Plaintiff was forced to retain the services of the undersigned and is required to pay a fee for her services.

## COUNT 1:
## VIOLATION OF THE ADA

23.    Plaintiff re-alleges paragraphs 1 through 22 of this Complaint.

24.    This is an action for relief under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA").

25.    Defendant is a covered employer under the ADA.

26.    Plaintiff is a qualified individual with a disability under the ADA, or in the alternative, Defendant perceived and/or regarded Plaintiff as disabled.

27.    Defendant's "reduction in force" letter was pretext for terminating Plaintiff due to his disability and/or pretext for termination of Plaintiff's accommodation and/or requirement that he work from home.

28.    Defendant's violation of the anti-discriminatory provisions of the ADA was willful and in direct contravention of the ADA.

29.    As a direct and proximate result of Defendant's intentional violation of the ADA, Plaintiff has incurred injury and/or damages including back pay, front pay, compensatory damages and humiliation.

30. Plaintiff retained the undersigned attorney to represent him in this action, and pursuant to the ADA, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

31. Plaintiff reserves the right to move this Court for punitive damages in the amount permitted by the ADA.

**WHEREFORE,** Plaintiff, JEFF STERLING demands judgment against Defendant, GANNETT COMPANY, INC., for back pay, front pay and/or reinstatement, compensatory damages, pre and post judgment interest, attorneys' fees and costs of suit, and any further relief this Court deems appropriate.

## COUNT II:
## VIOLATION OF THE FCRA

32. Plaintiff re-alleges paragraphs 1 through 22 of this Complaint.

33. This is a supplemental claim for violation of the Florida Civil Rights Act ("FCRA") pursuant to 28 U.S.C. § 1367.

34. Defendant is a covered employer under the FCRA.

35. Plaintiff is a qualified individual with a disability under the FCRA, or in the alternative, Defendant perceived and/or regarded Plaintiff as disabled.

36. Defendant's "reduction in force" letter was pretext for terminating Plaintiff due to his disability and/or pretext for termination of Plaintiff's accommodation and/or requirement that he work from home.

37. Defendant's violation of the anti-discriminatory provisions of the FCRA was willful and in direct contravention of the FCRA.

38. As a direct and proximate result of Defendant's intentional violation of the FCRA, Plaintiff has incurred injury and/or damages including back pay, front pay, compensatory damages and humiliation.

39. Plaintiff retained the undersigned attorney to represent him in this action, and pursuant to the FCRA, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff reserves the right to move this Court for punitive damages in the amount permitted by the FCRA.

**WHEREFORE,** Plaintiff, JEFF STERLING demands judgment against Defendant, GANNETT COMPANY, INC., for back pay, front pay and/or reinstatement, compensatory damages, pre and post judgment interest, attorneys' fees and costs of suit, and any further relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JEFF STERLING, demands a trial by jury as to all issues.

Respectfully submitted on July 17, 2024.

/s/ Kimberly Isner Monticello
KIMBERLY ISNER MONTICELLO
Florida Bar No.: 056069
Trial Counsel
Monticello Law Firm, PA.
1501 W. Kennedy Blvd., Suite 100
Tampa, Florida 33609
Telephone: (813) 767-5733
Facsimile: (855) 767-5734
kim@monticellolawfirm.com
Attorney for Plaintiff,
JEFFREY STERLING